UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>EARTH METALS & JUNK COMPANY, et al.,<br><br>    Defendants. | C13-1177 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on Plaintiff's Motion for Summary Judgment, docket no. 21. Having reviewed all papers filed in support of, and in opposition to, Plaintiff's motion, the Court GRANTS Plaintiff's Motion for Summary Judgment.

**Discussion**

The Court may grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under the governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the

ORDER - 1

1  adverse party must present affirmative evidence, which "is to be believed" and from
2  which all "justifiable interferences" are to be favorably drawn. *Id*. at 255, 257.

3  Interpretation of an insurance contract is a question of law appropriate for
4  resolution on summary judgment. *Quadrant Corp. v. Am. States Ins. Co*., 154 Wn.2d
5  165, 171, 110 P.3d 733 (2005). The Court should consider the policy as a whole and give
6  it a "fair, reasonable, and sensible construction, as would be given to the contract by the
7  average person purchasing insurance." *Id.* at 171. If the policy language is clear and
8  unambiguous, the court must enforce it as written; it may not modify the language or
9  create ambiguity where none exists. *Id*.

10  An insurance company has a duty to defend when there is a potential for coverage.
11  *Truck Ins. Co. v. VanPort Homes, Inc*., 147 Wn.2d 751, 760 (2002). The duty arises
12  when a complaint, construed liberally, against the insured alleges facts that could, if
13  proven, impose liability upon the insured within the policy's coverage. *Id*. at 760. If the
14  claims are clearly not covered by the policy, an insurer has no duty to defend. *Nat'l*
15  *Surety Co. v. Immunex Corp.*, 176 Wn.2d 872 (2013).

16  Johnston and Metals West (collectively "Metals West"), the plaintiffs in the
17  underlying liability action, brought suit against Defendants Earth Metals NW, LLC,
18  Metals & Junk Company and Richard and Deborah Pezzner (collectively "Earth Metals")
19  alleging six separate claims: breach of contract, violation of the Uniform Trade Secrets
20  Act, unjust enrichment, violation of Washington's Consumer Protection Act, tortious
21  interference with a business or contractual expectancy, and conversion. Pl.'s Complaint,
22  docket no. 26-1 at 6 – 9. Plaintiff in this Declaratory Judgment Act matter, Atlantic
23

ORDER - 2

1  Casualty Insurance Company ("Atlantic"), argues that Earth Metals's insurance policy
2  does not provide protection for any of the alleged claims.  Pl.'s Mot. for Summary
3  Judgment, docket no. 21 at 10, 12, 15.

4  <u>Breach of Contract</u>

5  The first cause of action in the underlying complaint (the "Complaint") is breach
6  of contract.  Pl.'s Complaint, docket no. 26-1 at 6.  The policy provides that "property
7  damage" coverage excludes liability for damages resulting from a breach of contract.
8  Def.'s Ex. B, docket no. 26-2.

9  <u>Violation of Uniform Trade Secrets Act & Unjust Enrichment</u>

10  Next, the Complaint alleges trade secret infringement.  Pl.'s Complaint, docket
11  no. 26-1 at 6.  However, Coverage B specifically excludes "personal and advertising
12  injury arising out of the infringement of copyright, patent, trademark, **trade secret** or
13  other intellectual property rights."  Def.'s Ex. B, docket no. 26-2 (emphasis added).

14  The Complaint further alleges that Earth Metals was unjustly enriched by utilizing
15  Metals West's trade secrets, trade name and good will.  Pl.'s Complaint, docket no. 26-1
16  at 8.  Again, Atlantic's argument is consistent with the language of the insurance policy:
17  the policy does not include protection for unjust enrichment liability.  Def.'s Ex. B,
18  docket no. 26-2.

19  <u>Violation of Consumer Protection Act</u>

20  The Complaint also alleges that Earth Metals violated the Consumer Protection
21  Act.  However, the insurance policy does not provide coverage for liability under the
22  Consumer Protection Act.  Def.'s Ex. B, docket no. 26-2.

23

ORDER - 3

Tortious Interference with a Business or Contractual Expectancy

The Complaint alleges that Earth Metals intentionally interfered with contractual relationships existing between Metals West and its customers.  Atlantic correctly argues that the insurance policy does not include coverage for liability for tortious interference with a business or contractual expectancy.  Def.'s Ex. B, docket no. 26-2.

Conversion

The Complaint alleges conversion of trade secrets, goodwill, funds, and personal property.  Pl.'s Complaint, docket no. 26-1 at 9.  Liability for the conversion of trade secrets and goodwill is not covered by the policy because the policy only provides protection for damage to tangible property.  See Def.'s Ex. B, docket no. 26-3 at 5.  Furthermore, if Earth Metals was found liable for conversion of funds or personal property, this liability would still not fall within the policy's coverage because conversion is an intentional tort, and intentional acts of property damage are specifically excluded from the policy's coverage.  Def.'s Ex. B, docket no. 26-2 at 2.

Claims not alleged in the Complaint

Earth Metals also argues that Atlantic is obligated to defend Earth Metals against claims of Trade Dress Infringement and Slander.  Def.'s Response, docket no. 25.  Earth Metals argues that, while the "underlying liability lawsuit does not (yet) specifically designate Infringement of Trade Dress or Slander as causes of action in the case," the claims are implied in the Complaint's statement of facts.  Id. at 9.  However, hypothetical unpleaded claims "do not create 'potential coverage' entitling the insured to a defense."

ORDER - 4

*Chicago Ins. Co. v. The Ctr. for Counseling & Health Res.*, 2011 WL 1221019 (W.D. Wash. 2011).

**Conclusion**

For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion for Summary Judgment, docket no. 21.  The Clerk is DIRECTED to enter judgment in favor of plaintiff Atlantic Casualty Insurance Company and against defendants Earth Metals & Junk Company, Richard and Deborah Pezzner, and Earth Metals NW, LLC, declaring that plaintiff has no duty to defend or indemnify said defendants for the claims stated in the Complaint filed in King County Superior Court, docket no. 26-1.  As the prevailing party plaintiff is entitled to costs, which may be taxed in the manner set forth in Local Civil Rule 54(d).

IT IS SO ORDERED.

The Clerk is further directed to send a copy of this Order to all counsel of record and to CLOSE this case.

DATED this 7th day of February, 2014.

THOMAS S. ZILLY
United States District Judge

ORDER - 5